## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FOREST GUARDIANS
312 Montezuma Ave.
Santa Fe, NM 87501

CENTER FOR BIOLOGICAL DIVERSITY
1333 Oracle Street
Tucson, AZ 85705

       Plaintiffs,

v.

DIRK KEMPTHORNE, Secretary of the Interior
1849 C Street, NW
Washington, DC 20240

       Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     Plaintiffs bring this action against Defendant, Dirk Kempthorne, U.S. Secretary of the Interior, in his official capacity, to force him to carry out his duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq. Secretary Kempthorne (hereinafter the "Secretary," or alternatively the "U.S. Fish and Wildlife Service" or "FWS," to signify the agency to which the Secretary has delegated his responsibilities in this case) has failed to comply with his mandatory duty to make a preliminary finding on Plaintiffs' petition to list the Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*) ("Butterfly") as an Endangered or Threatened species under the ESA and to designate its critical habitat. This lawsuit seeks to force the Secretary to make the overdue finding on Plaintiffs' petition.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

3.      This Court has authority to grant Plaintiffs' requested relief pursuant to 28 U.S.C. §§ 2201-02 (declaratory and injunctive relief) and 5 U.S.C. §§ 701-706 (APA).

4.      More than 60 days ago, Plaintiffs furnished FWS with written notice of its violations of the ESA and of Plaintiffs' intent to sue. See 16 U.S.C. § 1540(g)(2).

5.      FWS has not remedied its violation of the ESA by making the overdue finding on Plaintiffs' Petition. Therefore an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2001.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A). Secretary Kempthorne officially resides in this judicial district.

## PARTIES

7.      Plaintiff FOREST GUARDIANS sues on behalf of itself and its adversely affected members. Forest Guardians is a non-profit environmental organization based in Santa Fe, New Mexico. Forest Guardians' mission is to protect and restore wildlife and wildlands in the American Southwest. Forest Guardians has over 3,500 members, some of whom reside in the District of Columbia, but most of whom reside in New Mexico. Forest Guardians has an active endangered species protection campaign, with a geographic focus on the southern Great Plains and the Southwest. As part of this campaign, Forest Guardians has repeatedly urged FWS to list imperiled species as threatened or endangered species including the Sacramento Mountains Checkerspot Butterfly (the "Butterfly"). Forest Guardians filed a petition to list the

2

Butterfly in June 2007. Forest Guardians' Petition also sought emergency listing. Forest

Guardians sought emergency listing because in June 2007 the Butterfly was imminently

threatened by a proposal to spray insecticide on both private and federal lands. Forest Guardians

spent a significant amount of time and resources preparing its Petition and is injured by the

FWS's failure to respond to it. Forest Guardians also spent significant resources pressuring

Otero County, New Mexico and the U.S. Forest Service to delay or stop insecticide spraying

proposals that could have extirpated the butterfly throughout its narrow range. Members of

Forest Guardians frequently use and enjoy the Butterfly and its habitat for wildlife viewing,

recreational, aesthetic, and scientific activities and will continue to do so on a regular basis.

Forest Guardians and its members are particularly concerned with the conservation of the

Butterfly and the ecosystem on which it depends for its survival. Forest Guardians and its

members have a substantial interest in this matter and are adversely affected by the Secretary's

failure to comply with the ESA. The requested relief will redress Forest Guardians' and its

members' injuries.

       8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("CBD") sues on behalf of

itself and its adversely affected members. CBD is a non-profit corporation dedicated to the

preservation, protection, and restoration of biodiversity, native species, ecosystems, and public

lands. CBD has over 40,000 members, many of whom reside in New Mexico. CBD filed the

first ESA Petition to list the Butterfly in 1998 and sued to force a response to that original

petition. CBD joined Forest Guardians on the current ESA Petition at issue in this case. CBD's

members and staff have educational, scientific, moral, aesthetic, conservation, and recreational

interests in the Butterfly and its habitat. They use and enjoy, and intend to continue to use and

enjoy, the current and historical habitat of the Butterfly. CBD and its members are particularly

3

concerned with the conservation of the Butterfly and the ecosystem on which it depends for its survival. CBD and its members have a substantial interest in this matter and are adversely affected by the Secretary's failure to comply with the ESA. The requested relief will redress CBD and its members' injuries.

9.      Defendant, DIRK KEMPTHORNE, is the Secretary of the United States Department of the Interior. As such he has ultimate responsibility for implementation of the ESA. He is sued in his official capacity. For the matter at issue in this case, the Secretary has delegated his responsibilities under the ESA to the U.S. Fish and Wildlife Service ("FWS"), an agency within the U.S. Department of the Interior.

## LEGAL BACKGROUND

10.      Congress passed the ESA to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species...." 16 U.S.C. 1531(b).

11.      To this end, the ESA requires FWS to list species of plants and animals that are facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species. 16 U.S.C. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range...." 16 U.S.C. § 1532(6). A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future...." 16 U.S.C. § 1532(20).

12.      In order for the ESA to protect a species, FWS must first officially list the species as either threatened or endangered. 16 U.S.C. § 1533(d). The listing process is the critical first step in the ESA's system of species protection and recovery. FWS must also list the species'

4

habitat as "critical habitat" to receive several important substantive and procedural ESA protections.

13.     Any interested person can initiate the listing process by filing a petition to list a species with FWS. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

14.     Upon receipt of a petition to list a species, FWS is required to make an initial finding known as a "90-day finding." Specifically, within 90 days, FWS must determine, "to the maximum extent possible," whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1553(b)(3)(A). The ESA's implementing regulations define "substantial information" as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b).

15.     If FWS finds that the petition presents substantial information, FWS "shall promptly commence a review of the status of the species concerned," and must publish the finding in the Federal Register. 16 U.S.C. § 1533(b)(3)(A).

16.     If FWS makes a positive 90-day finding, it has 12 months from the date that the petition was received to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species of higher priority, provided that FWS is making expeditious progress on listing items. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3). This is known as the 12-month finding.

17.     If FWS makes a 12-month finding that the petition action is warranted, then it must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5).

5

18.    Within one year of the publication of a proposed rule to list a species, FWS must make a final decision on the proposal. 16 U.S.C. § 1533(b)(6)(A).

19.    "Concurrently" with listing a species as threatened or endangered, FWS must designate critical habitat for the species to the maximum extent prudent and determinable. 16 U.S.C. §1533(a)(3)(A)(i), see also § 1533(b)(6)(C).

20.    Designation of critical habitat for listed species provides additional necessary protection and aids in the conservation of the species because all federal agencies must consult with FWS to "insure that an action authorized, funded, or carried out by [federal agencies] is not likely to jeopardize the continued existence of any endangered species or threatened species *or result in the destruction or adverse modification of [its critical habitat]*." 16 U.S.C. § 1536(a)(2) (emphasis added).

## FACTS

21.    The Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*) occurs in high elevation, open mountain meadows within mixed-conifer forests in the Sacramento Mountains. Its range is restricted to a 6-mile radius around the Village of Cloudcroft in Otero County, New Mexico. Currently, the Butterfly only occupies approximately 2,000 acres. The Butterfly may be the southernmost subspecies of the Checkerspot Butterfly (*E. anicia*) in the Rocky Mountain cordillera. The Butterfly has a wingspan of 2 inches. The top of its wings are checkered with dark brown, red, orange, white, and black spots and lines. The bottom of its wings are similar to the top, but have alternating cream and orange-colored checkered bands outlined in black. The Butterfly has only been documented to lay eggs on the New Mexico Penstemon (*Penstemon neomexicanus*). This Penstemon is a very narrowly distributed wildflower, found only in Otero and Lincoln Counties, New Mexico. Even under

6

favorable conditions, the Butterfly produces a maximum of one generation of adults per year.

Ninety-nine percent of its eggs will not survive to adulthood. The Butterfly is pictured below:



Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*).

22. The Butterfly is imperiled by multiple threats, including insecticide spraying, habitat, loss and destruction, climate change, invasive species, fire suppression and off-road vehicles. The butterfly is threatened by recurring insecticide applications directed at other species, but which kill the Butterfly. It is also threatened by continued habitat loss and degradation related to growth of the Village of Cloudcroft and recreation development on Forest Service lands. Given the butterfly's narrow, high elevation range and dependence on only one plant, the New Mexico Penstemon, for egg-laying, climate changes that results in either a shift in range or timing of the Penstemon's growth could extirpate the species. The proliferation of non-native weeds also harms the Butterfly. Fire suppression likewise threatens the Butterfly by harming its habitat. Finally, proliferation of off-road vehicle recreation presents a threat to the habitat of the butterfly. All of these threats pose an imminent danger to the very existence of this Butterfly

23.    FWS received a petition from the Southwest Center for Biological Diversity (now Plaintiff, the Center for Biological Diversity) on January 28, 1999 requesting emergency listing of the Butterfly as endangered. On December 27, 1999 FWS published a positive 90-day finding on the Butterfly petition. On July 31, 2001, FWS was ordered by a Federal Court to complete a 12-month finding on the Butterfly petition within 30 days. In response, on September 6, 2001, FWS published a proposed rule in the Federal Register to list the Butterfly as Endangered and to designate its critical habitat. However, FWS never finalized this proposed rule and on December 21, 2004, withdrew its proposal to list the Butterfly. FWS cited a reduction in the threats facing the Butterfly as the reason for the withdrawal.

24.    Plaintiffs did not believe the threats to the Butterfly had abated and accordingly submitted a new petition to list the Butterfly on June 28, 2007. FWS received the petition on July 5, 2007. Plaintiffs requested emergency listing in their June 28, 2007 petition. The emergency listing request was based on an immediate threat posed by private insecticide spraying and a U.S. Forest Service proposal to spray insecticide within the Butterfly's range. Plaintiffs' emergency listing request was also based on the threat posed by climate change due to the narrow ranges of the Butterfly and its host plant, the Penstemon. FWS denied Plaintiffs' emergency listing request. Plaintiffs do not currently challenge FWS's denial of their emergency listing request, because the threat from insecticide spraying was averted in 2007. However, this threat may recur in 2008 and Plaintiffs will again be forced to pursue the emergency listing issue. In the meantime, Plaintiffs are pursuing a standard track "non-emergency" ESA listing for the Butterfly as soon as possible. FWS stated in a December 10, 2007 letter to Plaintiffs that it expected to complete a standard 90-day finding on the Butterfly Petition sometime in fiscal year 2008. However, FWS's promise to make a 90-day finding in 2008 is not enforceable.

8

Additionally, given Plaintiffs' past experience with FWS, Plaintiffs believe the veracity of FWS's representation is speculative at best.

25.     Pursuant to the ESA, FWS should have made a 90-day finding on or about October 3, 2007.

26.     To date FWS has failed to make the 90-day finding on Plaintiffs' Petition.

27.     On October 12, 2007, Plaintiffs provided FWS with written notice of their intention to file suit unless it acted on their Petition.  FWS received the notice on October 12, 2007 via fax and on October 18th via certified mail.  FWS acknowledged receipt in a letter dated November 6, 2007.

### CLAIM FOR RELIEF

28.     Each and every allegation set forth in this Complaint is incorporated herein by reference.

29.     FWS has failed to make a 90-day finding on Plaintiffs' Petition to list the Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*) and has failed to publish such finding in the Federal Register.

30.     FWS has violated its duty under the ESA by failing to make an initial 90-day finding within 90-days because it is practicable to make such a finding.  16 U.S.C. § 1533(b)(3)(A); 5 U.S.C. §706(1).

31.     By failing to render a 90-day finding on the petition to list the Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*), FWS has unreasonably delayed and unlawfully withheld compliance with section 4(b)(3)(A) of the ESA within the meaning of the APA.  16 U.S.C. § 1533(b)(3)(A); 5 U.S.C. § 706.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter judgment providing the following relief:

1.      A declaration that FWS has violated the ESA by failing to make a 90-day finding on Plaintiffs' petition to list the Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*);

2.      A declaration that FWS has unlawfully withheld and unreasonably delayed agency action in violation of the APA by failing to make a 90-day finding on Plaintiffs' petition to list the Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*);

3.      An injunction compelling FWS to make a 90-day finding on the petition to list the Sacramento Mountains Checkerspot Butterfly (*Euphydryas anicia cloudcrofti*), and to publish such finding in the Federal Register;

4.      An order awarding Plaintiffs their costs of litigation, including reasonable attorney's fees;

5.      Such other and further relief as the court deems just and proper.


Respectfully submitted this 2nd day of January 2008,

Robert Ukeiley
Staff Attorney
Forest Guardians
1536 Wynkoop Street, Suite 300
Denver, Colorado  80202
Tel:    720-563-9306
Fax:    866-618-1017
E-mail: rukeiley@fguardians.org

Of Counsel

s/James Jay Tutchton
James Jay Tutchton
Environmental Law Clinic
University of Denver Sturm College of Law
2255 E. Evans Ave., Suite 365H
Denver, CO 80208
Ph: 303-871-7870
Fax: 303-871-6991
E-Mail: jtutchton@law.du.edu

C 8-11 RMU

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Forest Guardians and Center for Biological Diversity

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Robert Ukeiley
Staff Attorney
Forest Guardians
1536 Wynkoop Street, Suite 300
Denver, CO 80202
720-563-9306

**DEFENDANTS**

Dirk Kempthorne, Secretary of the Interior

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-00011
Assigned To : Urbina, Ricardo M.
Assign. Date : 1/3/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**● C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

16 U.S.C. §§ 1540(c),(g)

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 1/2/08 / 3    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

