UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOREST GUARDIANS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, Secretary of the Interior, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 08-11 (RMU) |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

Plaintiffs, Forest Guardians and Center for Biological Diversity, and Defendant, Dirk Kempthorne, in his official capacity as U.S. Secretary of the Interior, by and through their undersigned counsel, state as follows:

WHEREAS, on June 28, 2007, Plaintiffs submitted to the Fish and Wildlife Service ("Service") a petition to list the Sacramento Mountains checkerspot butterfly as a threatened or endangered species (the "Petition") pursuant to the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA");

WHEREAS, on January 3, 2008, Plaintiffs initiated this action seeking an initial finding on their Petition;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before November 28, 2008, the Service shall submit to the *Federal Register* a determination as to whether the Petition presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). If the Service finds that the Petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall submit a 12-month finding as to whether the petitioned action is warranted pursuant to 16 U.S.C. § 1533(b)(3)(B) to the *Federal Register* by August 31, 2009.

2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 3.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the

claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim themselves, either party may bring the claim to the Court.

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a ninety-day or twelve-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5. Defendant agrees that Plaintiffs are the "prevailing party" in this action, and agrees to pay Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $5,178.00. A check will be made payable in that amount to WildEarth Guardians, 312 Montezuma Ave., Santa Fe, NM 87501.

6. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

7. Plaintiffs agree to accept payment of $5,178.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

8. Plaintiffs agree that receipt of this payment from Defendant shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

9. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other continuation of this action.

10. By this agreement, Defendant does not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11. Subject to the qualifications in Paragraph 12, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the Endangered Species Act, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. On this issue, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs intend to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendant

reserves all legal and equitable defenses to any argument by Plaintiffs that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

13. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). Plaintiffs specifically reserve the right to seek emergency listing of the Sacramento Mountains checkerspot butterfly, via a new petition and new litigation.

17. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: April 14, 2008                    Respectfully submitted,

    s/ Robert Ukeiley (by J. Kim; w/ permission)
ROBERT UKEILEY (MD 14062)
Staff Attorney
Forest Guardians
1536 Wynkoop Street, Suite 300

Denver, CO 80202
Ph: (720) 563-9306
Fax: (866) 618-1017
rukeiley@fguardians.org

  s/ James Jay Tutchton (by J. Kim; w/ permission)
JAMES JAY TUTCHTON
Environmental Law Clinic
University of Denver, Sturm College of Law
2255 E. Evans Ave., Suite 365H
Denver, CO 80208
Ph: (303) 871-7870
Fax: (303) 871-6991
E-mail: jtutchton@law.du.edu

Attorneys for Plaintiffs


RONALD J. TENPAS
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

     s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney (IL6243249)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0207
Facsimile: (202) 305-0275
joseph.kim@usdoj.gov

Attorneys for Defendant

## **ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated:  this _____ day of _____ 2008.

_____
Ricardo M. Urbina
United States District Judge